# SUPREME COURT.

John Hurd, appellant, agt. The Hannibal and St. Joseph Railroad Company, respondent.

*Undertakings on appeal — Guaranty of, by Fidelity and Casualty Company of New York, approved.*

The Fidelity and Casualty Company of New York, under the authority of chapter 486 of the Laws of 1881, being incorporated under the general laws of the state, and authorized to transact business by way of guaranteeing the fidelity of persons holding positions of public or private trust, have authority to guarantee bonds or undertakings on appeal, subject to judicial approval.

The act has necessarily so far modified the provisions of the Code of Civil Procedure, requiring two sureties in such an undertaking, as to dispense with them when a guaranty of this description may be given.

It is error for the court to refuse to permit the plaintiff to examine the officer of the company as to its liability to enter into and make the guaranty before approving or disapproving of the undertaking.

*First Department, General Term, July,* 1884.

*Before* Davis, *P. J.,* Brady *and* Daniels, *JJ.*

Hurd agt. Hannibal and St. Joseph Railroad Company.

APPEAL from an order allowing and accepting the guaranty of the Fidelity and Casualty Company of New York as bail upon an undertaking given on an appeal from a judgment to the court of appeals.

*L. B. Bonnell*, for appellant.

*Thomas S. Moore*, for respondent.

DANIELS, *J.* — The undertaking is in the form prescribed by the Code of Civil Procedure on an appeal from a judgment to the court of appeals. It was given and executed by the defendant in its corporate capacity, and added to or indorsed upon it was a guaranty of the Fidelity and Casualty Company of New York, by which it guaranteed the performance of the covenants and conditions of the within bond. This guaranty was taken under the authority of chapter 486 of the Laws of 1881, by which any surrogate, judge, sheriff, district attorney or any other officer having authority or required to approve of the sufficiency of any bond or undertaking, may in his discretion accept a bond and undertaking and approve the same, whenever its conditions are guaranteed by a company duly organized or authorized to do business under the laws of this state, and guarantee the fidelity of persons holding positions of public or private trust, and vesting such corporation with full power to guarantee such bonds and undertakings. This language was clearly so broad as to include the undertaking given upon the appeal in this action ; and as the company was a corporation having authority to guarantee the fidelity of persons holding positions of public or private trust, it was by this act empowered to make the guaranty it did of this undertaking. The act has been objected to as not being sufficiently broad in its title to justify the enactment. It is entitled an "Act to facilitate the giving of bonds required by law." But as bonds and undertakings are to a very great extent understood to be convertible terms, the title of the act was not materially deficient. But if it had been it would be

of no importance for the reason that the act is neither a private nor a local law.

The power and ability of the company to act in this capacity was made the subject of investigation by the general term of this department, and as it appeared to be incorporated under the general laws of the state, and authorized to transact business by way of guaranteeing the fidelity of persons holding positions of public or private trust, this authority to guarantee bonds or undertakings subject to judicial approval was found to exist, and it was accepted as competent for that purpose.

This act has necessarily so far modified the provisions of the Code of Civil Procedure requiring two sureties in such an undertaking, as to dispense with them when a guaranty of this description may be given. That was clearly its object as to all bonds and undertakings. It was to substitute the guaranty of the bond in place of the liability and obligation of the sureties otherwise required by law.

The court refused to permit the plaintiff to examine the officer of the company as to its liability to enter into and make the guaranty. This, we think, was erroneous. When the specific objection was overruled further proceedings should have been taken to examine the officers on behalf of the respondent, if he so desired, and thereupon the court should have approved or disapproved of the undertaking.

The order should be modified accordingly, and as so modified affirmed, without costs.

DAVIS, P. J., and BRADY, J., concurred.